IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MICROSOFT CORPORATION, et al.     *
                                  *
Plaintiffs                        *     Civil No. 98-2136(SEC)
                                  *
v.                                *
                                  *
COMPUTER WAREHOUSE, et al.        *
                                  *
Defendants                        *
*************************************

## ORDER

On July 16, 1999, plaintiffs filed a "Motion for Enforcement of Judgment Against Computer the Shack Co-Defendants Through Civil Contempt and for an Order to Show Cause Why the Computer Shack Co-Defendants should Not Be Held in Contempt." **(Docket # 45)**. On February 22, 2000, upon the Computer Shack defendants' motion **(Docket # 58)**, the Court ordered plaintiffs to show cause within five days why their motion should not be denied. **(Docket # 62)**. A day after the 5-day term had expired plaintiffs appeared to show cause. **(Docket # 63)**. Their "Motion in Compliance with Order to Show Cause," however, did not reach the undersigned's chambers until after their original motion for enforcement of judgment, etc., had been denied. **(Docket # 64)**. Pending is plaintiffs' motion for reconsideration of that order. **(Docket # 65)**. For the reasons set forth below, plaintiffs' motion for reconsideration **(Docket # 65)** is **DENIED**. In light of this ruling, plaintiffs' requests contained in **Docket # 64** are **MOOT**.

On April 27, 1999, plaintiffs and the Computer Shack defendants entered into an agreement to settle all the claims involved in this case. **(Docket # 41)**. On May 12, 1999, the Court issued a judgment incorporating the terms of the agreement and dismissing plaintiffs claims against the Computer Shack defendants with prejudice. **(Docket # 42)**. As part of the agreement, the Computer



AO 72A
(Rev. 8/82)

**Civil No. 98-2136(SEC)**                                                                 2

Shack defendants were permanently enjoined from, among other things, infringing plaintiffs' copyrights or trademarks and selling any unauthorized copies of plaintiffs' copyrighted works. **(Docket # 41**, at ¶ 1). The agreement further contemplates that any violation thereof "shall result in Computer Shack being held in contempt and in further paying Plaintiffs liquidated damages in the amount of $50,000.00." **(Id.** at ¶ 8).

On July 16, 1999, plaintiffs filed a "Motion for Enforcement of Judgment Against Computer the Shack Co-Defendants Through Civil Contempt and for an Order to Show Cause Why the Computer Shack Co-Defendants should Not Be Held in Contempt." **(Docket # 45)**. In this motion, plaintiffs alleged that the Computer Shack defendants breached the agreement, and thus the judgment of the Court, by subsequently infringing their copyrights. Based on the alleged new violations, plaintiffs also brought a new infringement suit, which is currently pending before Judge Laffitte. **(Civil No. 99-1757 (HL))**. The Computer Shack defendants opposed plaintiffs' motion for enforcement of judgment, etc., on the ground that since it is premised on the same factual allegations contained in the complaint in Civil No. 99-1757(HL), it would be burdensome, as well a waste of judicial resources, having to defend in both proceedings. **(Docket # 60)**. The Court finds that this is true. Moreover, contrary to what plaintiffs assert, the Computer Shack defendants have indeed denied having committed any new violations to their copyrights. (Answer to the Complaint, **Docket # 19**, in Civil No. 99-1757(HL)). Therefore, the Court cannot simply take plaintiffs' allegations in their motion for enforcement of judgment, etc. as true and deem the Computer Shack defendants in contempt for breaching the agreement incorporated in the Court's May 12 judgment, without giving the Computer Shack defendants an opportunity to contest those allegations. The most efficient way to accomplish this, however, is through the proceedings in Civil No. 99. 1757(HL).

**Civil No. 98-2136(SEC)**                                                                 3

Once that case is over, this Court would be in a better position to entertain plaintiffs' motion for enforcement of judgment, etc. in the instant case.

Pursuant to the above, the Court, albeit for different reasons, reiterates its order denying plaintiffs' motion for enforcement of judgment, etc. (**Docket # 45**). Accordingly, plaintiffs' motion for reconsideration (**Docket # 65**) is hereby **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 26 day of April, 2000.

SALVADOR E. CASELLAS
United States District Judge

AO 72A
(Rev. 8/82)